# EXHIBIT 1

BECKHAM COUNTY
FILED

## IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

APR 3 0 2018

DONNA HOWELL, COURT CLERK

BY_____DEPUTY

| | |
|---|---|
| LANA GRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE COMPANY; AUTOMOBILE CLUB OF OKLAHOMA dba AAA OKLAHOMA; and, GARY WISE,<br><br>Defendants. | Case No: CJ-48-63<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### PETITION

1.      At all times material hereto Plaintiff, Lana Graham was insured under a CSAA Fire & Casualty Insurance Company, ("CSAA") Policy No. 3755389.

2.      Lana Graham is a resident and citizen of Elk City, Beckham County, State of Oklahoma.

3.      On or about May 16, 2017, the subject insured home in Elk City, Beckham County, OK, was damaged by a covered cause, a tornado, while insured by CSAA.

4.      CSAA is licensed in the State of Oklahoma as a property and casualty insurer. CSAA markets its products through the Automobile Club of Oklahoma ("AAA Oklahoma"), and CSAA agent, Gray Wise.

5.      Plaintiff immediately submitted a claim for this loss to Defendant CSAA and, made the premises available for inspection by Defendant's adjusters, cooperated in the limited investigation that CSAA performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

### BAD FAITH

Plaintiff incorporates all previous allegations and further alleges and states:

6.      CSAA breached the subject insurance policy by wrongfully denying coverage and

failing and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiff's home.

7.    CSAA breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

a.    failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when CSAA knew that it was entitled to those benefits;

b.    failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.    withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.    refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.    refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.    refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.    forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits CSAA knew were payable;

j.    failing to properly evaluate any investigation that was performed;

2

k.     refusing to consider the reasonable expectations of the insured;

l.     refusing to consider evidence of insured home's pre-loss condition in determining scope of repair, and denying this claim;

m.     refusing to pay appraisal award;

n.     misrepresenting benefits owed in appraisal award; and,

o.     refusing to pay owed ALE benefits,

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to CSAA.

10.     As a direct result of the above described wrongful acts and omissions, Plaintiff has suffered loss of policy benefits and other financial and consequential damages.

11.     CSAA's recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

12.     Defendant's acts and omissions were with reckless disregard for the rights of others, were done intentionally and with malice, and/or engaged in conduct life threatening to humans, and therefore Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, CSAA Fire and Casualty Insurance Company in an amount in excess of $75,000 for compensatory damages and in an amount in excess of $75,000 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

## COUNT II

Plaintiff incorporates all previous allegations and further alleges and states:

13.     The soliciting agents, Automobile Club of Oklahoma, dba AAA Oklahoma, and agent Gary Wise, were at all times material hereto authorized soliciting agents for the involved homeowner's insurance policy and AAA automobile membership.

3

14. The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiff. CSAA's agent, Gary Wise, represented to Lana Graham that she would have to join AAA's automobile club in order to purchase CSAA homeowner insurance coverage for her home. Mr. Wise told Plaintiff that she would have to pay membership dues and would be required to maintain this membership in order to have effective homeowner's coverage. Mr. Wise required Plaintiff to pay for membership fees associated with AAA's automobile club. These representations are false. CSAA Executive Officer, Dennis Spadini, acknowledges that said automobile membership requirements are not necessary for the issuance of CSAA insurance coverage. Defendants concealed the fact that membership to AAA was not mandatory. Plaintiff will immediately supplement any factual details with specificity that the Plaintiff can identify that are not set forth above.

15. The described representations by CSAA agents were material and false and made at a time when Defendants knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

16. The described representations were made with the intention that Plaintiff should act upon them in purchasing insurance and the AAA membership and the Plaintiff did rely upon them to his detriment.

17. The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of the Plaintiff.

18. The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendants had a duty to disclose. Such facts were material and were concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of the Plaintiff.

4

19.     The described false representations, concealment and deceit induced the Plaintiff

to purchase this policy and membership and Plaintiff, acting in reliance thereon, suffered loss.

20.     As a direct result of the described false representations, concealment, and deceit,

Plaintiff suffered loss of the policy coverage promised to them, loss of extra monthly payments,

emotional distress, frustration and duress and other consequential damages.

21.     Defendants' acts and omissions were with reckless disregard for the rights

of others, and/or were done intentionally  and with malice, and therefore Plaintiff is entitled to

recover punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for her damages in an

amount in excess of $75,000.00 for compensatory  damages and in an amount in excess

of $75,000.00 for punitive damages  with interest, costs, attorney fees and all other relief which

the Court deems just and equitable.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
**JURY TRIAL DEMANDED**          M. Adam Engel, OBA #32384
**ATTORNEY LIEN CLAIMED**        204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail:  mec@meclaw.net