# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANA GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CSAA FIRE AND CASUALTY )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-19-00793-PRW |

## ORDER

Defendant CSAA Fire and Casualty Insurance Company removed this case from state court on August 28, 2019,[1] more than one year from the date this action was commenced, April 30, 2018.[2] The Notice of Removal (Dkt. 1) argues that an exception to the 1-year deadline set forth in 28 U.S.C. § 1446(c)(1) applies because two recently dismissed diversity-spoiling defendants, insurance agent Gary Wise and Automobile Club of Oklahoma d/b/a AAA Oklahoma, had been sued in bad faith.

Plaintiff Lana Graham now seeks remand, arguing that she sued AAA and Mr. Wise in good faith because Mr. Wise made a misrepresentation to her that she must join AAA in order to purchase homeowner's insurance from CSAA. Plaintiff also claims that until now CSAA never asserted that she had no valid claim against Mr. Wise or that he had been

---

[1] Notice of Removal (Dkt. 1) at 1.

[2] Pl.'s Pet. (Dkt. 1-1) at 1.

1

fraudulently joined to defeat removal, that she engaged in extensive summary judgment briefing with respect to her claims against Mr. Wise and AAA, that the state court denied the non-diverse defendants' motion for summary judgment, and that she engaged in settlement negotiations regarding her claims against Mr. Wise and AAA. On this last point, Plaintiff relies on CSAA's offer to agree not to remove the case if she would dismiss AAA as proof that CSAA viewed Mr. Wise and AAA as legitimate defendants.

"The 'bad faith' exception to § 1446(c)(1)'s one-year removal limitation is of recent vintage,[3] and the Tenth Circuit has yet to provide guidance on its application. But some courts—including this one—have adopted a two-step analysis from *Aguayo v. AMCO Insurance Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014).[4] *Aguayo's* two-step analysis proposes a burden-shifting framework:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at

---

[3] *Holman v. Coventry Health & Life Ins. Co.*, No. 5:17-cv-00886-HE, 2017 WL 5514177, at *2 (W.D. Okla. Nov. 17, 2017). It became effective on January 6, 2012. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105(a), 125 Stat. 758, 762.

[4] *Rowan v. State Farm Fire & Cas. Co.*, No. 5:19-cv-00205-PRW, 2019 WL 4166697, at *5 & n.34 (W.D. Okla. Sept. 3, 2019) (applying *Aguayo*'s two-step analysis and collecting other cases that have done the same).

this stage—*e.g.*, electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.[5]

Plaintiff here has established that she actively litigated her case against Mr. Wise and AAA. First, Plaintiff conducted non-token discovery with respect to her claims against Mr. Wise and AAA.[6] Second, a motion for summary judgment with respect to Mr. Wise and AAA was extensively litigated, and the state court ultimately denied that motion, finding that neither Mr. Wise nor AAA were entitled to judgment as a matter of law—a finding that precludes a conclusion that Plaintiff's claims against them lacked legal footing.[7] Third, the parties engaged in settlement discussions and attempted to schedule a private mediation with regard to Plaintiff's claims against Mr. Wise and AAA.[8] Additionally, counsel for CSAA, who also represented Mr. Wise and AAA, sought dismissal of the non-diverse defendants in exchange for an agreement not to remove the case against CSAA after the dismissal.[9]

---

[5] *Aguayo*, 59 F. Supp. 3d at 1262-63.

[6] *See* Pl.'s Reply (Dkt. 10) at 4.

[7] *See id.*; State Court's Appearance Docket (Dkt. 1-24) at 4–5.

[8] *See id.* at 5; Defs.' Jt. Offer to Confess (Dkt. 7-10) at 1 (offering to confess judgment against all three Defendants if Plaintiff would accept payment of $30,0001.00); E-mail from Celia Elwell, Mansell Engel & Cole, to Lisa Clark, Ryan Whaley Coldiron Jantzen Peters & Webber, PLLC (Dkt. 7-14) at 1 (Aug. 15, 2019) (discussing possible mediation dates).

[9] *See* Pl.'s Mot. to Remand (Dkt. 7) at 2 (quoting E-mail from Gerard Pignato, Pignato Cooper Kolker & Roberson, PC, to Adam Engel, Mansel Engel & Cole (Dkt. 7-1) at 1 (June 13, 2018)); Pl.'s Reply (Dkt. 10) at 5.

In response, CSAA points to the timing of the dismissal, that Plaintiff only addressed four interrogatories and five requests for production to Mr. Wise, and that Plaintiff's claim against AAA was of little value. CSAA concedes that it offered not to remove the case if Plaintiff would dismiss Mr. Wise and AAA, and says that it would not have removed the case had Plaintiff accepted. But because Plaintiff did not accept its offer, CSAA removed the case once she voluntarily dismissed Mr. Wise and AAA. CSAA also concedes that it lacks any "smoking gun" that would prove that Plaintiff's subjective intent in suing Mr. Wise and AAA was to defeat diversity.

This litigation history is enough to establish a presumption of good faith. Plaintiff conducted discovery, talked settlement, and vigorously litigated a summary judgment motion that she won, which necessarily means that the state court judge found that her claims against Mr. Wise and AAA were viable enough to warrant a trial.

To rebut the presumption of good faith, CSAA "must present strong, relatively compelling evidence, direct or circumstantial, of the plaintiff's subjective intent in order to rebut the presumption of good faith,"[10] but none of CSAA's evidence comes close to meeting this standard. CSAA simply has nothing to prove that Plaintiff's dismissal of Mr. Wise and AAA at the time of the filing of the final pretrial report in state court was anything other than what she says it was: a matter of trial strategy in deciding which claims to focus on at trial.

---

[10] *Holman*, 2017 WL 5514177, at *2.

Plaintiff asks for its attorney fees and costs incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[11] While an award of fees is within the discretion of the Court,[12] "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[13] Upon consideration of all the facts and circumstances of this removal, the Court concludes that an award of attorney fees and costs to the Plaintiff is justified. Defendant CSAA lacked an objectively reasonable basis to conclude that it was appropriate to remove the case some 18 months after its filing, after summary judgment in favor of the diversity-spoiling defendants had been denied, and on the eve of trial having never once sought dismissal of the diversity-spoiling defendants on the basis that they had been sued in bad faith.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. 7). This case is **REMANDED** to the District Court of Beckham County, State of Oklahoma. The Plaintiff's request for costs and expenses is **GRANTED**. Plaintiff is hereby **DIRECTED** to submit a motion by no later than May 1, 2020, that states the amount of costs and attorney fees sought or provides a fair estimate of them. Defendant may file a

---

[11] 28 U.S.C. § 1447(c) (2012).

[12] *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005).

[13] *Martin*, 546 U.S. at 141.

response disputing only the amount of costs and attorney fees by no later than May 8, 2020.

No further briefing will be allowed absent leave of court.

    **IT IS SO ORDERED THIS 8th day of April, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE